IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES E. PHIPPS,                              CV. 06-100-MO

       Plaintiff,                   ORDER TO DISMISS

   v.

JODI S. VAUGHAN, CHRISTOPHER
BURRIS, and W. BRADFORD
JONASSON, JR.,

      Defendants.

MOSMAN, District Judge.

    Plaintiff, an inmate at the Columbia River Correctional
Institution, brings this civil rights action pursuant to 42 U.S.C.
§ 1983. Pursuant to an order entered by the court this date,
plaintiff was granted leave to proceed *in forma pauperis*. However,
for the reasons set forth below, plaintiff's Complaint (#2) is
dismissed for failure to state a claim upon which relief may be
granted. <u>See</u> 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that a prosecutor and two private attorneys involved in his criminal case and resulting civil case used false and misleading evidence against him, and withheld evidence from the trial courts in violation of his rights to due process and equal protection. Plaintiff seeks $1,500,000 from each defendant and an injunction that prevents them from practicing law.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B)  the action . . .

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In

2 - ORDER TO DISMISS

making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. <u>Tanner</u>, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992), <u>overruled on other grounds by WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1998); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. <u>McGuckin</u>, 974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or

created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  According to plaintiff, defendants Burris and Jonasson are private attorneys.  Accordingly, they are not state actors for purposes of § 1983.

Plaintiff also brings this suit against defendant Vaughan, whom he identifies as the District Attorney for the City of Bend. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993); Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976).  As plaintiff's allegations against Vaughan focus on her actions during his criminal trial, she is immune from suit. Plaintiff therefore fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim.  Because plaintiff cannot cure the deficiencies in his Complaint, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this ___18___ day of April, 2006.

_/s/Michael W. Mosman_____
Michael W. Mosman

4 - ORDER TO DISMISS

United States District Judge